UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeffrey Caulder, #336973 | ) | C/A No. 2:16-3875-JFA-MGB |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| Cecilia Reynolds, *Warden*, | ) | |
| Respondent. | ) | |

The *pro se* petitioner is an inmate confined at the Lee Correctional Institution of the South Carolina Department of Corrections (SCDC). He brings this action pursuant to 28 U.S.C. § 2254 challenging his 2009 state conviction on three counts of unlawful conduct towards a child. In his petition, the petitioner raises claims of ineffective assistance of his state trial counsel.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that this court should dismiss the action for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The respondent

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

filed a motion for summary judgment, however, the petitioner did not respond to the motion.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on May 9, 2017. However, the petitioner did not file objections and the time within which to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge has allowed the petitioner ample time to respond to the court's orders and the petitioner has failed to do so. This court agrees with the Magistrate Judge that the petitioner meets all of the criteria for dismissal under Rule 41(b). See *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978).

Accordingly, this action is dismissed with prejudice for lack of prosecution and failure to comply with the court's orders.

Further, because the petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner did not respond to the motion.

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

Joseph F. Anderson, Jr.
United States District Judge

June 1, 2017
Columbia, South Carolina

---

procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."

3